[No. 29247. Department One. June 2, 1944.]

THE CITY OF SEATTLE, *Respondent*, v. EMMA ROBERSON, *Appellant*.[1]

*E. K. Marohn*, for appellant.

*A. C. Van Soelen* and *George T. McGillivray*, for respondent.

GRADY, J.—This appeal has been taken from an order of the superior court, dismissing the appeal of the appellant from a judgment of the police court of the city of Seattle adjudging her guilty of a violation of one of the ordinances of the city and directing that she be committed to the city jail to serve for a period of sixty days.

The appeal from the police court to the superior court was timely and in all respects regularly taken, and a cash bond for the appearance of the appellant was posted as required by law. Some time thereafter the trial of the case was set by the superior court for December 2, 1943. On this day counsel for both parties appeared and announced them-

[1]Reported in 147 P. (2d) 818.

selves as ready to proceed with the trial of the case, but the appellant did not appear in person. No continuance of the trial of the case was requested by counsel for appellant, but it appears that he made known to the court that he was ready, able, and willing to proceed then with the trial of the case without the presence of appellant. On motion of counsel for the city based upon the ground that the appellant had failed diligently to prosecute her appeal, the court entered an order dismissing it.

The question to be decided is whether the superior court had the legal right to dismiss the appeal of the appellant because she did not appear before the court in person when the case was called for trial.

We gather from the brief of appellant and the oral argument of her counsel that Rem. Rev. Stat., § 2145 [P. C. § 9372], providing "No person prosecuted for an offense punishable by death, or by confinement in the penitentiary or in the county jail, shall be tried unless personally present during the trial," does not apply to a case like this, because, on conviction either by the police court or by the superior court on appeal, any confinement there might be would be in the city jail by virtue of Rem. Rev. Stat. (Sup.), § 8993-4 [P. C. § 9475-24], instead of the county jail; and, therefore, it follows that on such appeal a trial may be had without the personal presence of the accused. But we do not think this conclusion follows when the law covering this particular situation is considered and applied.

Section 2145 established by legislation one of the fundamental rights of a person charged with a public offense guaranteed by the sixth amendment to the Federal constitution. It was passed by the territorial legislature in 1854 and had for its object the protection of accused persons whose convictions would be followed either by death or imprisonment. At the time of its passage, the city of Seattle had not been incorporated, and, under territorial laws as they then existed, there were no jails provided for other than county jails. It would thus seem that, in enacting what is now § 2145, the legislature cannot be said to have excluded from its protection by implication those who might

be punished by commitment to a city jail, as reference to such an institution does not appear until the passage of later legislation, especially so far as the city of Seattle is concerned.

The fact that in later years provisions were made for city jails would not change the law relating to the necessity of the accused persons mentioned in § 2145 being personally present during their trials. This section, which was carried forward and became the law of the state after it became such, must be read and considered in connection with subsequent legislation on the subject of jails, and, in order that there may be no further doubt, we now hold that § 2145 applies to any institution in this state to which persons may be committed as a punishment for the commission of a public offense.

 When the appellant took her appeal to the superior court, the burden of perfecting and diligently prosecuting it was upon her (Rem. Rev. Stat. (Sup.), §§ 8993-1 to 8993-3 [P. C. §§ 9475-21 to 9475-23]). In order to do this, she was required to (a) file with the clerk of the superior court a certified transcript, (b) note the case for trial, and (c) appear at the court appealed to at the time and place fixed by the court when the case was set for trial.

The offense charged being one punishable by confinement in jail, the appearance of the appellant could only have been in person. When appellant failed to appear in person when the case was called for trial and no motion was made in her behalf for a continuance of the trial, it became the duty of the trial judge to dismiss the appeal in accordance with Rem. Rev. Stat. (Sup.), § 8993-2, so that the police court might enforce the judgment entered by it. The court not having the right to proceed with the trial in the absence of the appellant, the trial judge could not of his own motion continue the trial until the appellant was apprehended and brought before the court, as the statute definitely prescribes the procedure that must be followed in the event appellant does not appear for trial.

The judgment is affirmed.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.